UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ESTATE OF FRANCES CONIGLIARO,

                    Appellant,

        v.                                                    **DECISION AND ORDER**
                                                              08-CV-789S

PRESIDENTIAL LIFE INSURANCE CO., ET AL.,

                    Appellees.

## I. INTRODUCTION

The Estate of Frances A. Conigliaro ("the Conigliaro Estate") appeals the bankruptcy court's denial of its Motion for Turnover of a $100,000 pre-paid annuity policy.   The bankruptcy court held that the Conigliaro Estate's claim to this asset is precluded.   For the reasons stated below, the bankruptcy court's decision is affirmed.

## II.  BACKGROUND

The Debtor, J. Anthony DiGiulio,  filed his Chapter 7 petition on December 15, 2006.  Before that filing, his aunt, Frances Conigliaro, gave him a power of attorney ("POA") in which he was one designated agent and his aunt's attorney and later executor, Arnold Goldman ("Goldman"), was the other.  The POA provided that either agent could act.

Before his aunt's death in 2003, DiGiulio used the POA to withdraw $50,000 from her account at Fleet Bank.  This amount, along with $50,000 from another source, was used to pay the premium for a 60-month annuity contract issued by Presidential Life Insurance Company ("Presidential").   The annuity contract provided for payments to

1

Conigliaro as annuitant, with DiGiulio as the owner and beneficiary upon her death.

After Conigliaro's death, Goldman commenced three proceedings on behalf of her estate in the Surrogate Court for Monroe County, New York: a discovery proceeding in 2003; a turnover proceeding in 2004; and a N.Y. CPLR 5225 money judgment enforcement/turnover proceeding in 2006. Goldman submitted no proof concerning the Fleet Bank account to the Surrogate Court in the discovery proceeding, and that court made no findings and granted no relief concerning that account. The Conigliaro Estate obtained a money judgment against DiGiulio, but that judgment did not implicate the Fleet Bank account.

The issue in the turnover proceeding was DiGiulio's use of the POA to withdraw funds from the Fleet Bank account. The Surrogate determined that DiGiulio's use of the POA was proper because only one signature was required under its terms. Presidential was therefore not required to return the $50,000 from the Fleet Bank account to the Conigliaro Estate.

In the third proceeding, Conigliaro sought an order directing Presidential to pay the monthly annuity installments to the Conigliaro Estate based on the money judgment obtained against DiGiulio in the discovery proceeding. This proceeding was stayed by DiGiulio's Chapter 7 filing, and the matter was transferred to the bankruptcy court for further proceedings.

In the bankruptcy court, the Conigliaro Estate argued that it was entitled to have a constructive trust imposed on $50,000 of the Presidential annuity's value. The Trustee responded that any request for relief in the bankruptcy court was barred by the doctrine of claim preclusion under New York law. The bankruptcy court accepted this argument, and

entered its Opinion and Order on August 19, 2008, and its Amended Opinion and Order on September 17, 2008, denying the Motion for Turnover.  This timely appeal followed.

## III.  DISCUSSION

### A.     Standard of Review

The bankruptcy court's order, which turns on a legal conclusion, is reviewed *de novo*.  Porges v. Gruntal & Co., Inc. (In re Porges), 44 F.3d 159, 162 (2d Cir. 1995); In re Thompson, 217 B.R. 375, 378 (2d Cir. B.A.P. 1998).   The bankruptcy court's determinations are examined independently, but reviewed under a deferential standard and reversed only if clearly erroneous.   Brody v. Brody (In re Brody), 3 F.3d 35 (2d Cir. 1993).

### B.     Analysis

At issue is whether the bankruptcy court correctly concluded that the Conigliaro Estate was precluded from litigating ownership of the Presidential annuity or the income it produces.  In its Amended Opinion and Order, the bankruptcy court found that ownership of the annuity was decided in the Surrogate Court discovery proceeding in favor of DiGiulio, and that decision, being final, could not be collaterally attacked.  The Conigliaro Estate does not dispute this conclusion.

Relying on O'Brien v. City of Syracuse, the bankruptcy court further found that the Conigliaro Estate could not establish its ownership claim in bankruptcy court because rather than asserting its ownership claim in Surrogate's Court, it instead sought a money

judgment in regard to the Fleet Bank account.  54 N.Y.2d 353, 429 N.Y.S.2d 687 (1981).

In O'Brien, the Court of Appeals of New York set out criteria for the application of

res judicata:

> This state has adopted the transactional analysis approach in deciding *res judicata* issues (*Matter of Reilly v. Reid*, 45 N.Y.2d, 407 N.Y.S.2d 645, 379 N.E.2d 172).  Under this address, once a claim is brought to a final conclusion, all other claims arising out of the same transactions are barred, even if based upon different theories or if seeking a different remedy (*id.*, at pp. 29-30, 407 N.Y.S.2d 645, 379 N.E.2d 172).  Here, all of defendants' conduct falling in the first category was also raised during the 1973 suit as the basis for that litigation.  That proceeding having been brought to a final conclusion, no other claim may be predicated upon the same incidents.

Id. at 357.

In this Court's view, the bankruptcy court's application of O'Brien is correct.  The Conigliaro Estate, after unsuccessfully trying to regain control or ownership of the Presidential annuity in Surrogates Court, tried again in bankruptcy court.  As explained in O'Brien, however, the Conigliaro Estate is pursuing a "claim arising out of the same transactions" as its state court claim, and that claim is therefore barred from consideration by the bankruptcy court.

The Trustee makes several arguments concerning claim preclusion, but their basis appears to be in the holding in O'Brien, and this court does not believe that the bankruptcy court's application of that case requires any embellishment.  The Conigliaro Estate's various arguments fail to remove its claim in bankruptcy court from the universe of the "same transactions" that O'Brien says requires the application of *res judicata*.

## IV.  CONCLUSION

For the reasons stated above, the bankruptcy court's decision to deny the Conigliaro Estate's Motion for Turnover is affirmed.

## V. ORDERS

IT HEREBY IS ORDERED, that Appellant's Appeal (Docket No. 1) is DENIED.

FURTHER, that the Bankruptcy Court's decision is AFFIRMED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:     March 23, 2010
            Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                            Chief Judge
                                        United States District Court